UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANTHONY NUÑO,<br><br>           Plaintiff,<br><br>    v.<br><br>RICHARD COLLINS, et al.,<br><br>           Defendants. | Case No. 3:15-cv-01753-LB<br><br>**ORDER DENYING THE PLAINTIFF'S MOTION TO AMEND SETTLEMENT AGREEMENT AND GRANTING THE DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>Re: ECF Nos. 34 and 37 |

**INTRODUCTION**

The plaintiff Anthony Nuño is a professor at California State University, Bakersfield ("CSU"). (Joint Statement, ECF No. 24 at 2.[1]) He sued the defendants Richard Collins, Teresa Fernandez, Jose Reyna, and CSU for employment discrimination and retaliation. (Complaint, ECF No. 1 at 1.) The parties settled the dispute and agreed to settlement terms on the record. (Minute Entry, ECF No. 31; Transcript, ECF No. 33.) Mr. Nuño now seeks to amend the settlement agreement; the defendants seek to enforce it. (Motions, ECF Nos. 34 and 37.)

The settlement on the record was complete, and the parties agreed to it. The court thus denies Mr. Nuño's motion and grants the defendants' motion to enforce the agreement.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents. The court finds the matter suitable for determination without oral argument under Civil Local Rule 7-1(b) and vacates the February 25, 2016, hearing.

ORDER (No. 3:15-cv-01753-LB)

United States District Court
Northern District of California

**STATEMENT**

In April 2015, Mr. Nuño sued the defendants for employment discrimination and retaliation

based on his race, national origin, sex, and sexual orientation in violation of Title VII of the Civil

Rights Act of 1964. (Complaint, ECF No. 1 at 2.) The defendants answered. (Answer, ECF No. 8.)

The case was referred to Magistrate Judge Joseph C. Spero for a settlement conference; he held a

settlement conference on December 10, 2015, that lasted for three hours and fifteen minutes.

(Minute Entries, ECF Nos. 28, 31.) At the conference, the parties agreed to settlement terms on the

record. (Transcript, ECF No. 33.)

After the clerk called the case, Judge Spero told the parties that he would recite the terms of

the settlement and then would ask counsel and Mr. Nuño whether he recited them accurately.

(Transcript, ECF No. 2.) He then told the parties, "Once I've confirmed that I've done it

accurately, then I'll ask each side whether they agree to the settlement. Once everyone's agreed to

the settlement, it's a final, binding settlement today, in accordance with its terms." (*Id.* at 2-3.) He

encouraged them to memorialize the terms in a written agreement but emphasized that "if for any

reason – or for no reason – you are unsuccessful in memorializing the agreement in a written

agreement, this deal that you put on the record today is still final and binding." (*Id.* at 3.)

Judge Spero then recited the following terms: 1) CSU will pay Mr. Nuño $5,000; 2) Mr. Nuño

will release "any and all claims, known or unknown, whether at law, administration,

administrative, or contractual" to the date of settlement; 3) the parties waive California Civil Code

Section 1542; 4) the case will be dismissed with prejudice; 5) the parties will pay their own

attorney's fees and costs; and 6) Mr. Nuño will withdraw the pending EEOC charge against the

defendants, notifying CSU in writing when such withdrawal is complete. (*Id.* at 4.) Both parties

agreed that these were the accurate terms of the settlement, and both parties accepted the terms of

the settlement. (*Id.* at 4-6.) Judge Spero's colloquy with Mr. Nuño is as follows:

THE COURT:      And Mr. Nuño, have I accurately set forth the terms of the settlement, sir?

MR. NUNO:       Yes, Your Honor.

THE COURT:      . . . Mr. Nuño, have you heard and understood the terms of the settlement

                that I just recited?

United States District Court
Northern District of California

1    MR. NUNO:        Yes, Your honor.

2    THE COURT:       And do you agree to the terms of the settlement, sir?

3    MR. NUNO:        Yes, I do.

4    Judge Spero then concluded, "Thank you all very much. You have a deal." (*Id.* at 6.)

5        On January 7, 2016, Mr. Nuño filed a motion to amend the settlement agreement, raising four

6    contentions. (Motion to Amend, ECF No. 34.) First, he says that he was not allowed to provide,

7    and thus Judge Spero did not consider, information relating to his medical conditions. (*Id.* at 3.)

8    Second, his medical conditions and medications impaired his judgment and rendered him unable

9    "to contest and challenge provisions of [the] [s]ettlement [a]greement." (*Id.*) Third, he lacked legal

10   counsel to advise on the terms of the agreement. (*Id.*) And fourth, Judge Spero did not "properly

11   explain that the [s]ettlement [a]greement was final and binding." (*Id.*) Mr. Nuño seeks "an

12   extension to submit medical information regarding medical conditions and medical treatment and

13   therapies in progress." (*Id.*)

14       On January 20, 2016, the defendants opposed Mr. Nuño's motion and also moved to enforce

15   the settlement agreement. (Opposition; Motion to Enforce, ECF No. 37.) Mr. Nuño's opposition

16   was due February 3, 2016. (*See* Docket Entry, ECF No. 37.) He did not file an opposition.

17                                          **ANALYSIS**

18       Because of "the high judicial favor accorded the voluntary settlement of disputes," a "trial

19   court has power to summarily enforce on motion a settlement agreement entered into by the

20   litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd. v. Lincoln

21   Plaza Dev. Co.*, 22 F.3d 954, 957 (9th Cir. 1994) (quotations omitted); *see Callie v. Near*, 829

22   F.2d 888, 890 (9th Cir. 1987). To be enforced, a settlement agreement must meet two

23   requirements. First, it must be a "complete agreement." *Maynard v. City of San Jose*, 37 F.3d

24   1396, 1401 (9th Cir. 1994); *see Callie*, 829 F.2d at 890. Second, both parties must have either

25   agreed to the terms of the settlement or authorized their respective counsel to settle the dispute.

26   *See Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977).

27       "A settlement agreement is treated as any other contract for purposes of interpretation." *United

28   Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). Accordingly,

United States District Court
Northern District of California

ORDER (No. 3:15-cv-01753-LB)          3

"[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Id.* (quotation omitted). "This is true even though the underlying cause of action is federal." *Id.* (citations omitted). "Under California law, the intent of the parties determines the meaning of the contract. The relevant intent is 'objective' – that is, the intent manifested in the agreement and by surrounding conduct – rather than the subjective beliefs of the parties. For this reason, the true intent of a party is irrelevant if it is unexpressed." *Id.* (citations omitted).

Here, the parties reached a complete settlement during their settlement conference with Judge Spero. Judge Spero recited each term in open court, and the parties confirmed that he recited the terms accurately. Judge Spero explained that if the parties accepted the terms, the agreement was "a final, binding settlement." (Transcript, ECF No. 33 at 3.) He explained that the deal "put on the record today is still finding and binding" even if the parties were "unsuccessful in memorializing the settlement in a written agreement." (*Id.*) The result is that the parties' settlement agreement is binding and enforceable. *See Doe v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) (citing and quoting cases noting that the agreement is binding "even if a party has a change of heart after [he] agreed to its terms [on the record] but before the terms are reduced to writing." *Id.* (citations and quotations omitted); *accord Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978).

Mr. Nuño's contentions do not change this outcome. First, he says that Judge Spero did not explain that the settlement agreement was final and binding. The record shows that Judge Spero explained, and Mr. Nuño knew, that the agreement was binding and enforceable. Second, Mr. Nuño contends that his medical condition and medications impaired his judgment. But his responses on the record show his understanding of the settlement terms and his agreement to them. The court's own experience with Mr. Nuño gives context to this observation; the litigation against his employer was stressful, but (as one might expect of a college professor) Mr. Nuño handled his case appropriately. Third, whatever other information that Mr. Nuño might have given Judge Spero is not relevant. The issue here whether he agreed to the terms of the settlement. He did. And once both parties agreed, the agreement is binding and enforceable. Fourth, and similarly, that Mr. Nuño lacked an attorney is not relevant. Again, the issue is only whether he understood and

ORDER (No. 3:15-cv-01753-LB)    4

accepted the terms of the settlement.

## CONCLUSION

The settlement was complete, the parties accepted its terms, and it is binding on them and enforceable against Mr. Nuño. The court denies Mr. Nuño's motion to amend and grants the defendants' motion to enforce the settlement agreement. This disposes of ECF Nos. 34 and 37.

**IT IS SO ORDERED.**

Dated: February 8, 2016



_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California